**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID LEE FARRIS,

      Petitioner,

v.

WILLIS CHAPMAN,

      Respondent.
_____/

Case No. 2:19-CV-10265
HON. SEAN F. COX
UNITED STATES DISTRICT COURT

## OPINION AND ORDER GRANTING THE MOTION TO AMEND THE PETITION (ECF No. 6) AND DENYING THE MOTIONS FOR THE APPOINTMENT OF COUNSEL (ECF No. 7), FOR DISCOVERY (ECF No. 11), AND FOR AN EVIDENTIARY HEARING (ECF No. 12)

Before the Court is habeas petitioner David Lee Farris's motions to amend the petition, for counsel, for discovery, and for an evidentiary hearing. For the reasons stated below, the motion to amend is GRANTED. The other motions are denied without prejudice.

**A. The motion to amend the petition is GRANTED.**

Petitioner filed a motion to amend the petition to add a statement of facts.

Petitioner's proposed amended habeas petition alleges additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F.3d 86, 92 (3rd Cir. 1995).

**B. The motion for the appointment of counsel is DENIED.**

Petitioner has filed a motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The

1

decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a 65 page petition for a writ of habeas corpus. Petitioner has also attached to his petition numerous exhibits in support of his claims. Petitioner filed several motions. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). The motion for the appointment of counsel is denied without prejudice.

**C. The motion for discovery is DENIED.**

Petitioner has also filed a motion for discovery.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F.3d at 460. A further limitation on discovery is the recent case of *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), in which the Supreme Court held that under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.

This Court has yet to review the petition, the answer, or the other pleadings. Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *see also Shaw v. White,* No. 2007 WL 2752372, *3 (E.D. Mich. Sept. 21, 2007). In addition, none of the Rule 5 materials have been reviewed by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at *3. Granting petitioner's

discovery request at this time would be premature. Therefore, the motion for discovery will be denied without prejudice. *Id.*

**D. The motion for an evidentiary hearing.**

Petitioner has filed a motion for an evidentiary hearing.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer, the transcript, and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)(Gadola, J.).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th Cir. 2001). Under the provisions of the Antiterrorism and Effective Death Penalty Act, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair

evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet reviewed the pleadings or the state court record. Without these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Following review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

**IT IS HEREBY ORDERED** that the motion to amend the petition (ECF No. 6) is **GRANTED.** The motions for the appointment of counsel (ECF No. 7), for discovery (ECF No. 11), and for an evidentiary hearing (ECF No. 12) are **DENIED WITHOUT PREJUDICE**. The Court will reconsider petitioner's motions if, following review of the pleadings and Rule 5 materials, the Court determines that an evidentiary hearing, additional discovery and/or the appointment of counsel are necessary.

Dated: February 27, 2020                        s/Sean F. Cox
                                                                Sean F. Cox
                                                                U. S. District Judge